UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GUILLLEN, CDCR #T-57240,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER MARTINEZ, et al.,<br><br>Defendants. | Case No.: 3:17-cv-00964-CAB-NLS<br><br>**ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR LOCAL RULES**<br><br>**(ECF No. 20)** |

Before the court is Plaintiff's Motion for Local Rules. ECF No. 20. Plaintiff requests a blank civil rights complaint form, 42 U.S.C. §1983 and a copy of the Southern District Local Rules. *Id.*

Plaintiff's request for a blank civil rights complaint form is **GRANTED.** The court notes that Plaintiff has been provided a court approved civil rights complaint form by Order of Judge Bencivengo. ECF No. 18, pg. 8, ¶ 6. Nonetheless, the court directs that the Clerk of the Court to mail Plaintiff an additional court approved civil rights form.

Plaintiff's request for a copy of the Local Rules is **GRANTED IN PART.** Plaintiff has not demonstrated that a complete copy of the Local Rules is necessary to proceed with his action. Plaintiff's complaint was not dismissed for failure to comply

1

with the Local Rules and Plaintiff's motion to proceed *in forma pauperis* was resolved by the court. ECF No. 18. Accordingly, the court will not provide a copy of the complete Local Rules, but does quote the full text Local Civil Rules 5.1, 7.1, and 8.2 as the rules applicable to Plaintiff's case and cited in Discrepancy Orders for submissions filed by Plaintiff.

Civil Rule 5.1 Form; Paper; Legibility; Nature of Documents to be Filed
  a. **Legibility**. Each document filed, including exhibits where practicable, must be in English, plainly written, or typed in double space on one side of the document, line numbered in the left margin with not more than 28 lines per page, and letter size. Documents filed in paper format must be flat and unfolded, without backing sheet, double spaced on one side of the paper or printed or prepared by means of a duplicating process on opaque, unglazed white paper. Quotations in excess of three lines must be indented and single spaced. Typewritten text must be no less than 10-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch. Printed text, produced on a word processor or other computer, may be proportionally spaced allowing 28 lines on one side of the document, provided the type is no smaller than 14-point standard font (e.g. Times New Roman). The text of footnotes and quotations must also conform to these font requirements. Approved templates are available on the Court's website (www.casd.uscourts.gov) and may be amended by the Court over time as deemed appropriate.
  b. **Original; copies**. The original of a document must be labeled as the original. All copies are to be clearly identified as such. The case number must appear in the lower right corner of each page, although it is not required on the title page or on the complaint, petition or other document which opens the case. The typed number must be inserted in the following format: year, case type, four-digit case number with leading zeros if necessary (96cv0010). Case types are as follows: civil = cv, criminal = cr, magistrate judge = mg, miscellaneous = mc. The clerks office can provide a macro in WordPerfect format upon request.
  c. **Interlineations**. There must be no erasures or interlineations on a document unless they are noted by the clerk or judge by marginal initials at the time of filing.
  d. **Pre-punching and Attachments**. All documents presented for filing or lodging in paper format must be pre-punched with two (2) normal-size holes (approximately 3" diameter), centered 2: inches apart, 2 to e inches from the top edge of the document. No pages of any document should have any attachment affixed thereto. All pages must be firmly bound at the top.
2

e. **Exhibits**. Except where compliance is impracticable, exhibits must be paged in consecutive numerical order and each page must show the exhibit number either immediately above or below the page number. Unless the physical nature of the exhibit renders it impracticable, exhibits must be attached to the documents to which they belong and must be readable without detaching the exhibit from the accompanying document. Each document containing exhibits must have, as a cover page to the exhibits, a table of contents indicating the page number of each of the succeeding exhibits. If exhibits are tabbed, the tabs must be at the bottom and not at the sides.
f. **Compliance**. Unless a waiver is first obtained from the court, the clerk must not file any document which does not comply with the requirements of these rules. Said document will be endorsed "lodged" until approved by the court.
g. **Adversary Proceeding**. The clerk must refuse to accept for filing any complaint, petition or any other pleading in a civil case, other than a Petition for Limitation of Liability under Rule F of the Admiralty and Maritime Rules, unless it is entitled as an adversary proceeding naming the defendant or respondent.
h. **Party Filing Document**. Except as provided in the federal rules, or by leave of court, no document will be filed in any case by any person not a party thereto.
i. **Copies**:
   1. The original of all documents, including exhibits attached thereto, must be filed together with one legible conformed copy for the court's use, except motions filed under Criminal Local Rule 47.1.b.1.
   2. The original and three copies must be filed in a three judge case.
   3. In a consolidated proceeding the original and one copy will be filed in the low-numbered case or the lead case as may be designated by the court. The case number of each consolidated case must appear on each pleading following the lead case number.
   4. If parties presenting documents for filing request the clerk to return a conformed copy by U.S. Mail, an extra copy must be submitted for this purpose and must be accompanied by a self-addressed envelope bearing sufficient postage.
   5. The original and two copies of all substitutions of attorneys must be filed.
j. **Title Page**. The first page of every document must contain the following information which may be single spaced:
   1. The name, address and telephone number of the attorney appearing for a party or of an individual appearing pro se, must be printed or typewritten in the space to the left of the page's center and beginning at line one. Attorneys appearing pro hac vice and attorneys employed or retrained by the United States or its agencies and authorized to practice in this court pursuant to Civil Local Rule 83.3.c.3, will list their bar numbers for the

states of which they are active members. Attorneys appearing for a party must also include their California State Bar Number. The space to the right of the page's center must be reserved for the clerk's filing stamp.
2. The title of the court must commence at or below line eight of the first page.
3. Below and to the left of the title of the court, the title of the action must be inserted. In the event the parties are too numerous for all to be named on the first page, the names of the parties may be carried onto the successive page(s). In the space to the right of center the following will appear: The number of the action, a brief designation of the document's nature, mention of any notice of motion or affidavits or memorandum in support and "Demand for Jury Trial", if any.
4. The following information must appear on the cover page of each motion, and any opposition and reply, in the space opposite the caption below the case number: name of judicial officer, courtroom number and the date and time of hearing.
5. Names must be typed below signatures on document.
k. **Paragraphing Pleadings**. Averments in any pleading which seeks relief must be made in numbered paragraphs, each of which must be limited, as far as is practicable, to a statement of a single set of circumstances. Responsive pleadings must contain numbered paragraphs, each of which corresponds to the paragraph to which it is directed.
l. **Citations**. When citing Acts of Congress or sections of them, counsel must include the corresponding appropriate U.S.C. citations. When counsel cite regulations, counsel must supply the appropriate citations to the Code of Federal Regulations, including code number, page, section and the date of the regulation's promulgation.
m. **Captions**. All documents submitted for filing must be filed and captioned separately. Sentencing memoranda may be filed together with motions for departure, or may be filed separately from motions for departure. Objections to presentence reports must be filed separately. Sentencing summary charts must be filed. Double captions are required for cross- and counter-complaints, third party complaints, and their responses.

Civil Rule 7.1 Motion Practice, Extensions, Enlargements or Shortening of Time, Submission of Orders
a. **Scope of Rule**. Unless otherwise ordered by a judge of this district, or unless contrary to statute or in conflict with a provision of the Fed. R. Civ. P., the provisions of this rule will apply to motions, applications and orders to show cause, or other request for ruling by the court. Such matters include motions to withdraw the reference from the bankruptcy court, appeals of orders by the

4

bankruptcy court, and objections to magistrate judge's orders pursuant to Rule 72.a, Fed. R. Civ. P.
b. **Motion Hearing Dates**. All hearing dates for any matters on which a ruling is required must be obtained from the clerk of the judge to whom the case is assigned.
c. **Computation of Time**. All legal holidays and computation of time must be as provided in Rule 6, Fed. R. Civ. P.
d. **Argument and Submission**.
   1. Written and Oral Argument. Motions must be determined upon the moving papers referred to herein and oral argument. A judge may, in the judge's discretion, decide a motion without oral argument.
   2. Argument by telephonic conference. At the discretion of the court, argument concerning a noticed motion may be conducted through the use of a telephone conference call to be arranged, initiated and paid for by the party proposing this method of oral argument. If such telephonic argument is approved by the court, the matter may be taken off the regular motion hearing calendar, and reset for a date and/or time more convenient to the court and the parties.
e. **Time for Hearing and Schedule for Filing Papers**.
   1. Twenty-eight (28) Day Rule -- Setting Time for Hearing. When there has been an adverse appearance, a written notice of a matter requiring the court's ruling is necessary, unless otherwise provided by rule or court order. Pursuant to the provisions of Civil Local Rule 7.1.b all hearing dates for any motion must be obtained from the law clerk of the judge to whom the case is assigned. Unless the court shortens time and except as otherwise specified in Civil Local Rule 7.1.e.6, any notice of motion, application or notice of other matter requiring the court's ruling, plus all necessary supporting documents, will require a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed. (For example, the notice of motion and supporting documents for a motion to be heard on a Monday must be filed and served no later than the fourth (4th) Monday prior to the Monday hearing. If the fourth Monday prior to the Monday hearing is a holiday, however, then the notice of motion and supporting documents would be due five (5) Fridays before the hearing.)
   2. Time for filing opposition. Except as otherwise specified in Civil Local Rule 7.1.e.1, each party opposing a motion, application or order to show cause must file that opposition or statement of non-opposition with the clerk and serve the movant or the movant's attorney not later than fourteen (14) calendar days prior to the noticed hearing. (For example,

5

3:17-cv-00964-CAB-NLS

for a motion to be heard on a Monday, the opposition papers must be filed and served no later than two Mondays prior to the noticed hearing.)
3. Reply Memorandum of Points and Authorities. Except as otherwise specified in Civil Local Rule 7.1.e.1, any reply memorandum must be filed and served not later than seven (7) days prior to the date for which the matter is noticed. (For example, for a hearing, the reply papers must be filed and served no later than by the Monday prior to the hearing. If the Monday prior to the hearing is a holiday, however, then the reply papers would be due two (2) Fridays prior to the hearing.) See Fed. R. Civ. P. 6(e).
4. Service of Motions and Opposition by Mail. For those parties not required or authorized by the court to file and serve motions and oppositions electronically using the Case Management/Electronic Case Filing System, unless otherwise provided by order of the court, the sixty, (60) twenty-eight (28) and fourteen (14) day periods of notice set forth in Civil Local Rules 7.1.e.1, 7.1.e.2 and 7.1.e.6 are increased for purposes of mail service upon opposing parties of counsel by three (3) days. The extension of time for service does not extend court filing deadlines. Federal Rule of Civil Procedure 6(d), extending the time within which an act may or must, be done, does not apply to the notice periods governed by this section. Any motion, notice of motion, or opposition, and supporting documentation will not be accepted for filing unless accompanied by proof of service demonstrating either hand-delivery or compliance with this section's mailing provisions.
5. Applications for Orders Shortening Time. All applications for orders shortening time under these rules must be submitted ex parte, be accompanied by a proposed order, and be served on all opposing parties.
6. Social Security Cases. In all actions brought under either or both '205(g) of the Social Security Act, 42 U.S.C. '405(g) or '1631(c)(3) of the Social Security Act, 42 U.S.C. '1383(c)(3), any notice of motion for summary judgment or for other disposition on the merits without a trial plus all necessary supporting documents must be filed with the clerk and served on the other party or the party's attorney not later than sixty (60) days prior to the date for which the matter is noticed. If the opposing party wishes to file a cross-motion for summary judgment or for other disposition on the merits without trial, that party must comply with the filing requirements of Civil Local Rule 7.1.e.1 (i.e., such cross-motion must be filed twenty-eight (28) days prior to the date for which the matter is noticed. (Any opposition to the cross-motion must be filed and served no later than fourteen (14) days prior to the day for which the matter is

noticed.) Any reply to that opposition must be filed and served no later than seven (7) days prior to the date for which the matter is noticed.
7. Untimely Motions. The clerk's office is directed not to file untimely motions and responses thereto without the consent of the judicial officer assigned to the case.
8. Special Briefing Schedules. All documents to be filed in response to a special briefing schedule must contain the language 'special briefing schedule ordered' directly below the designation of the document's nature.

f. **Contents of Papers Filed**.
1. Motions, Notices, Statement of Facts. Each motion or other request for ruling by the court must be accompanied by a separate motion and notice of motion and another separate document captioned "Memorandum of Points and Authorities in support of [the motion]." Where appropriate, a separate statement of material facts must be supplied.
2. Movant
   a. In addition to the affidavits required or permitted by Fed. R. Civ. P. 6(d) and 56, copies of all documentary evidence which the movant intends to submit in support of the motion, or other request for ruling by the court, must be served and filed with the notice of motion.
   b. Waiver. A movant's failure to file any papers required under the local rules may be deemed as a waiver of the motion, or other request for ruling by the court.
3. Opposing Party
   a. Unless otherwise provided by rule or court order, a party opposing a motion, or other request for ruling by the court must file a written opposition. If such party chooses not to oppose the motion, the party must file a written statement that the party does not oppose the motion or other request for ruling by the court.
   b. Opposing party's papers and contents: Documentary evidence and points and authorities – The opposition must contain a brief and complete statement of all reasons in opposition to the position taken by the movant, an answering memorandum of points and authorities, and copies of all documentary evidence upon which the party in opposition relies.
   c. Waiver: If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court.

g. **Withdrawl, Continuance, Failure to Appear**.
    1. Withdrawal. Any movant who does not intend to proceed with a motion or other request for ruling by the court must notify opposing counsel and the judge before whom the matter is pending as soon as possible.
    2. Continuances. Any request for continuance of a noticed matter must be made as soon as possible to the judge to whom the matter is assigned. Prior to seeking such continuance, the party seeking the continuance must contact all opposing parties or their counsel to determine whether they would agree to such continuance.
    3. Failure to Appear. If no one appears to oppose a motion or other request for ruling, the movant must relate the matter's material elements and the court may render its decision.
h. **Length of Brief in Support of or in Opposition to Motions**. Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion. No reply memorandum will exceed ten (10) pages without leave of the judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.
i. **Applications for Reconsideration**.
    1. 1. Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.
    2. Except as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered.
j. **Joinders in Motions**.
    1. The clerk must refuse to accept for filing any joinder in motions if there are no pending motions on file.

2. Each joinder must specifically identify the party(s) and the particular motion(s) to which the joinder applies.

Civil Rule 8.2 Civil Rights Act (42 U.S.C. § 1983)
   a. **Complaint by Prisoners**. Complaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983, must be legibly written or typewritten on forms supplied by the court and signed by the plaintiff complainant. The forms must be completed in accordance with the instructions provided with the forms. The complaint must contain a short and plain statement of the claim and each averment must be simple, concise, and direct. Additional pages not to exceed fifteen (15) in number may be included with the court approved form complaint, provided the form is completely filled in to the extent applicable in the particular case. The court approved form and any additional pages submitted must be written or typed on only one side of a page and the writing or typewriting must be no smaller in size than standard elite type. Complaints tendered to the clerk for filing which do not comply with this rule may be returned by the clerk, together with a copy of this rule, to the person tendering said complaint.
   b. **Forma Pauperis**. All actions sought to be filed in forma pauperis pursuant to 28 U.S.C. § 1915 must comply with Civil Local Rule 3.2.

**IT IS SO ORDERED.**

Dated: July 7, 2017

Hon. Nita L. Stormes
United States Magistrate Judge